```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEITH E. ALFORD, | CIVIL ACTION NO. 03-6004 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| DEVON BROWN, et al., |  |
| Defendants. |  |

**THE PRO SE PLAINTIFF**[1] having commenced this action in 2003 under 28 U.S.C. § ("Section") 1983 against Devon Brown, the former commissioner of the New Jersey Department of Corrections ("NJDC"), and Roy L. Hendricks, the former administrator of the NJDC (collectively, "Defendants"), seeking to recover damages for constitutional violations based on the unauthorized inspection of prisoners' mail and "unknown named agent/agents reading and [c]ensoring Plaintiff's correspondence" (dkt. entry no. 1, Compl.; dkt. entry no. 44, Defs. Br., at 1-2); and Defendants moving for summary judgment in their favor and against plaintiff pursuant to Federal Rule of Civil Procedure 56(c) (dkt. entry no. 44); and Defendants arguing in support of the motion that they are entitled to qualified immunity because (1) although the Third Circuit recently ruled that it is unconstitutional to open a prisoner's legal mail outside the prisoner's presence, the law

---

[1] Plaintiff is currently incarcerated in the New Jersey State Prison in Trenton, New Jersey. (Defs. Br., at 1.)

was not clearly established at the time plaintiff's mail was screened, (2) the NJDC only required that all prisoner mail be inspected outside their presence after at least four letters containing anthrax were processed in Hamilton, New Jersey, and thus, the NJDC acted reasonably when it implemented the inspection policy, and (3) "prison administrators 'reasonably believed they were acting in the interest of inmate and staff health and safety'" when they implemented the mail policy (Defs. Br., at 4, 6-8); and the Defendants also arguing, inter alia, that they had no personal involvement in the alleged censorship of plaintiff's mail (id. at 8); and

**IT APPEARING** that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c); and it appearing that once the movant meets the initial burden of showing that there is no genuine issue of material fact, the non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); and it further appearing that the Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); and

**THE COURT** noting that (1) a plaintiff asserting civil rights violations under Section 1983 must establish that the defendant acted under color of state law to cause a deprivation of a right secured by the United States Constitution or the laws of the United States, and (2) Section 1983 does not create substantive rights, but instead provides a remedy for the violation of rights created by other federal laws, Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995), Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); and the Court also noting that civil rights liability cannot be predicated solely on the doctrine of respondeat superior, but instead, personal involvement in the alleged wrong-doing must be shown, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); and the Court acknowledging that a defendant is entitled to qualified immunity regardless of whether the defendant's conduct violated the plaintiff's constitutional rights if "a reasonable offic[ial] could have believed that [the defendant's] conduct was lawful, in light of the clearly established law and information in [the defendant's] possession", Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000); and the Court also acknowledging that (1) the doctrine of qualified immunity "shields an offic[ial] from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted", and (2) "the right the official is

alleged to have violated must [have] be[en] 'clearly established'" for qualified immunity not to apply, Brosseau v. Haugen, 543 U.S. 194, 198-99 (2004); and

**THE THIRD CIRCUIT** having issued an opinion on August 24, 2006 in Jones v. Brown, 461 F.3d 353 (3d Cir. 2006); and the Third Circuit finding, under facts substantially the same as the facts here,[2] that (1) "[a] state pattern and practice, or . . . explicit policy of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmates right to freedom of speech", id. at 359, (2) the defendant prison officials did not meet their burden of establishing that opening inmates' mail outside their presence was reasonably related to the asserted penological interest of preventing anthrax contamination, id. at 363-64, and (3) the defendant prison officials were entitled to qualified immunity because they reasonably believed they were acting in the interest of the inmates' and staff's health and safety, id. at 364-65; and

**THE COURT FINDING** that Defendants, a former NJDC commissioner and a former NJDC administrator, were acting under color of state law at all times relevant to the complaint, see

---

[2] The Jones court essentially addressed "the constitutionality of a New Jersey regulation governing the processing of incoming inmate legal mail". Id. at 355.

Groman, 47 F.3d at 638 ("The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law."); and the Court finding that Defendants deprived plaintiff of certain First Amendment rights when they opened his legal mail outside his presence, see Jones, 461 F.3d at 355 (stating that "state prisoners have an interest protected by the First Amendment in being present when their incoming legal mail is opened"); but the Court concluding that the Defendants are entitled to qualified immunity because (1) after receiving the anthrax letters in October 2001, reasonable prison administrators would have believed they were acting in the best interest of the inmates and prison staff and in accordance with applicable law in adopting the mail policy, and (2) even after time had passed, reasonable prison administrators evaluating whether the mail policy should be continued could have concluded that it was permitted by applicable law, see id. at 364-65; and the Court also concluding that plaintiff has alleged only that "unknown named agent/agents" censored his mail, and thus, he has not asserted that Defendants were personally involved in the alleged censorship (dkt. entry no. 1, Compl), see Rode, 845 F.2d at 1207 (stating that under Section 1983, the plaintiff must show that the defendant was personally involved in the alleged wrong-doing); and

**THE COURT INTENDING** to decide the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and the Court thus intending to grant the motion; and for good cause appearing, the Court will issue an appropriate order and judgment.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: January 30, 2008